**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RUSTY PAYTON,** individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 13 cv 8002 ) |
| **KALE REALTY, LLC,** an Illinois limited liability company, | ) ) ) ) |
| Defendant. | ) Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff RUSTY PAYTON ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action to secure redress for the actions of Defendant KALE REALTY, LLC ("Defendant") in sending or causing the sending of unsolicited text messages to cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA prohibits the transmission of unauthorized and unsolicited advertisements in the form of text message calls to the cellular telephones of consumers throughout Illinois and the United States without the consumer's prior express written consent. Unsolicited text message advertising damages the recipients. The recipient must frequently pay his/her respective wireless service provider either for each text message call received, or incur a usage allocation deduction to his/her text plan, regardless of whether or not the message is authorized. Unsolicited text message advertising also occupies a significant amount of the limited storage capacity of the recipient's cellular telephone.

## PARTIES

3. At all relevant times, Plaintiff was a citizen and resident of Cook County, Illinois.

4. At all relevant times, Defendant was an Illinois limited liability company, located in Chicago, Illinois, and was involved in the transmission of wireless spam, as described below.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. § 1681p (FCRA).

6. Venue in this District is proper because Defendant transacts business in the District and is deemed to reside here.

## FACTS

7. On October 17, 2013, Plaintiff received an unsolicited text message on his cellular telephone. (*See* text message, attached hereto as Exhibit A).

8. Defendant is responsible for sending or causing the sending of the text message (Exhibit A) that Plaintiff received.

9. Defendant, whose products or services were advertised in the text message, derived economic benefit from the sending of the message.

10. The text message refers to a website registered to Defendant.

11. Plaintiff never provided his cellular telephone number to Defendant for any purpose whatsoever. Plaintiff never gave, and Defendant never received, Plaintiff's prior express written consent to Defendant to receive text messages on his cellular telephone.

12. On information and belief, Defendant sent the text message to Plaintiff as a part of a mass broadcasting of text messages, whereby Defendant transmitted identical unsolicited text message advertisements to hundreds of other persons.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of a class (the "Class"), defined as:

All persons with cellular telephone numbers nationwide who, on or after October 17, 2009, were sent to their cellular telephone at least one text message by or on behalf of Defendant promoting Defendant's goods or services, and who had not previously consented to receiving such text messages.

14. Excluded from the Class are Defendant and any of its officers, directors or employees, the presiding judge, and members of their immediate families.

15. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Given the number of Class members, the only way to deliver substantial justice to all members of the Class is by means of a single class action.

16. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, include, but are not limited to, the following:

   a. Whether Defendant's distribution of the unsolicited text messages violates the TCPA;

   b. Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

   c. Whether the conduct alleged herein above violated Class members' right to privacy.

17. Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful, negligent, reckless, and/or willful

conduct.

18. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

19. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class members. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

20. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the unsolicited text messages alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

21. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct with regard to the members of the Class.

## COUNT I
### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. Defendant made unsolicited commercial text message calls, including the message referenced above, to the cellular telephone numbers of the Class members. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendant was able to effectively send text messages to hundreds of consumers' wireless telephone numbers without human intervention.

25. The TCPA makes it unlawful to make any call without prior express consent using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(l)(A)(iii).

26. As referenced herein, Defendant violated the TPCA. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and the members of the Class are each entitled to, *inter alia,* a minimum of five hundred dollars ($500.00) in statutory damages from the Defendant for each violation of the TCPA, and should the Court find that the Defendant willfully or knowingly violated this statute, treble damages under § 227(b)(3)(C).

27. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to § 227(b)(3)(A).

WHEREFORE, Plaintiff RUSTY PAYTON, individually, and on behalf of all others similarly situated, prays for the following relief:

(A) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class counsel;

(B) An award of actual and statutory damages;

(C) An order enjoining Defendant from continuing to engage in the conduct described herein;

(D) An award of reasonable attorneys' fees and costs; and

(E) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Plaintiff RUSTY PAYTON, individually, and on behalf of all others similarly situated,

By:  s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.  (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for Plaintiff and the Class



Messages **(312) 436-2512**  Contact

Text Message
Today 3:28 PM

Kale Realty named 2013 Top 100 Places to Work by Tribune - We pay 100% on sales - Reply or visit http://joinkale.com to learn more! Rply 68 to unsubscribe



Text Message   Send

EXHIBIT A