**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RUSTY PAYTON,** individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13 cv 8002 |
| **KALE REALTY, LLC,** an Illinois limited liability company, and **VOICESHOT LLC,** a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) | Jury Trial Demanded |

# FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Plaintiff RUSTY PAYTON ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action to secure redress for the actions of Defendants KALE REALTY, LLC ("Kale Realty") and VOICESHOT LLC ("Voiceshot") (collectively, "Defendants") in sending or causing the sending of unsolicited text messages to cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      The TCPA prohibits the transmission of unauthorized and unsolicited advertisements in the form of text message calls to the cellular telephones of consumers throughout Illinois and the United States without the consumer's prior express written consent. Unsolicited text message advertising damages the recipients. The recipient must frequently pay his/her respective wireless service provider either for each text message call received, or incur a usage allocation deduction to his/her text plan, regardless of whether or not the message is

authorized. Unsolicited text message advertising also occupies a significant amount of the limited storage capacity of the recipient's cellular telephone.

## PARTIES

3.      At all relevant times, Plaintiff was a citizen and resident of Cook County, Illinois.

4.      At all relevant times, Kale Realty was an Illinois limited liability company, located in Chicago, Illinois, and was involved in the transmission of wireless spam, as described below.

5.      At all relevant times, Voiceshot was a Delaware limited liability company, and was involved in the transmission of wireless spam in Illinois, including Chicago, as described below.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. § 1681p (FCRA).

7.      Venue in this District is proper because Defendants transact business in this District and are deemed to reside here, and because this is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTS

8.      Voiceshot provides to its customers an internet-based service that facilitates the mass, automated transmission of text messages to third parties. Using Voiceshot's services, Voiceshot's customers can instantly send thousands of text messages to cellular telephone numbers via Voiceshot's automatic telephone dialing system that stores and/or produces said cellular telephone numbers.

9.      Voiceshot's customers direct and authorize Voiceshot to send mass, automated text messages to third-party cellular telephone numbers stored in an automatic telephone dialing system, and Voiceshot sends said text messages to said cellular telephone numbers on its customers' behalf, and at its customers' direction.

10.      Voiceshot's customers possess the right to control Voiceshot's actions relative to the mass, automated transmission of text messages, and the manner and method with which Voiceshot sends said text messages.  Voiceshot's customers control the type of text messages sent, the content of the text messages, to whom the text messages are sent, and the cellular telephone numbers to which the text messages are sent.

11.      The foregoing demonstrates that Voiceshot is the actual and apparent agent of its customers relative to the transmission of text messages to third parties.

12.      At all relevant times, Kale Realty was a customer of Voiceshot, and Voiceshot was an actual and apparent agent of Kale Realty relative to the transmission of text messages to third parties.

13.      On October 17, 2013, Plaintiff received an unsolicited text message on his cellular telephone.  (*See* text message, attached hereto as Exhibit A).  This text message was also sent to hundreds, if not thousands, of Class members.

14.      Defendants are responsible for sending or causing the sending of the text message (Exhibit A) that Plaintiff and the Class members received.

15.      Kale Realty utilized Voiceshot's services relative to the text message that Plaintiff and the Class members received.

16.      Kale Realty caused the text message to be sent to Plaintiff's and the Class members' cellular telephones, as Kale Realty directed and authorized Voiceshot to send said text

message to Plaintiff's and the Class members' cellular telephone numbers, which were stored and/or produced in an automatic telephone dialing system. Kale Realty developed the content of the text message, and provided that content to Voiceshot along with the cellular telephone numbers to which Kale Realty directed Voiceshot to send the text message.

17.     Kale Realty encouraged and/or prompted Voiceshot to send the text message to Plaintiff's and the Class members' cellular telephone numbers on Kale Realty's behalf.

18.     Kale Realty authorized Voiceshot to use Kale Realty's trade name, website, and business information in the text message that Voiceshot sent to Plaintiff's and the Class members' cellular telephone numbers, and said text message contains Kale Realty's trade name, website, and business information.

19.     Kale Realty knew that Voiceshot sent the text message to Plaintiff's and the Class members' cellular telephone numbers, and Class members contacted Kale Realty as a result of receiving the text message.

20.     Kale Realty generated economic benefit through Voiceshot's services, and Kale Realty knowingly accepted the benefits of the unsolicited text message that Voiceshot sent to Plaintiff and the Class members.

21.     Kale Realty, whose products or services were advertised in the text message, knowingly derived economic benefit from the sending of the message.

22.     Plaintiff never provided his cellular telephone number to Defendants for any purpose whatsoever. Plaintiff never gave to Defendants, and Defendants never received, Plaintiff's prior express written consent to receive text messages on his cellular telephone.

23.     On information and belief, Defendants sent the text message to Plaintiff as a part of a mass broadcasting of text messages, whereby Defendants transmitted identical unsolicited

text message advertisements to hundreds, if not thousands, of other Class members.

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim on behalf of a class (the "Class"), defined as:

> All persons with cellular telephone numbers nationwide who, on or after October 17, 2009, were sent to their cellular telephone at least one text message by or on behalf of Defendants promoting Kale Realty's goods or services, and who had not previously consented to receiving such text messages.

25.     Excluded from the Class are Defendants and any of their officers, directors or employees, the presiding judge, and members of their immediate families.

26.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds, if not thousands, of members.  Given the number of Class members, the only way to deliver substantial justice to all members of the Class is by means of a single class action.

27.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, include, but are not limited to, the following:

a.     Whether Defendants' distribution of the unsolicited text messages violates the TCPA;

b.     Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendants' conduct; and

c.     Whether the conduct alleged herein above violated Class members' right to privacy.

28.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same legal theories and arise from the same unlawful, negligent, reckless, and/or willful conduct.

29.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

31.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the unsolicited text messages alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

32.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct with regard to the members of the Class.

## COUNT I
### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

1-33.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

34.    Defendants made unsolicited commercial text message calls, including the message referenced above, to the cellular telephone numbers of the Class members.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers.  By using such equipment, Defendants were able to effectively send text messages to hundreds of consumers' wireless telephone numbers without human intervention.

35.    The TCPA makes it unlawful to make any call without prior express consent using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.  47 U.S.C. § 227(b)(l)(A)(iii).

36.    As referenced herein, Defendants violated the TPCA.  Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and the members of the Class are each entitled to, *inter alia,* a minimum of five hundred dollars ($500.00) in statutory damages from the Defendants for each violation of the TCPA, and should the Court find that the Defendants willfully or knowingly violated this statute, treble damages under § 227(b)(3)(C).

37.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to § 227(b)(3)(A).

WHEREFORE, Plaintiff RUSTY PAYTON, individually, and on behalf of all others similarly situated, prays for the following relief:

7

(A)    An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class counsel;

(B)    An award of actual and statutory damages against Defendants, jointly and severally;

(C)    An order enjoining Defendants from continuing to engage in the conduct described herein;

(D)    An award of reasonable attorneys' fees and costs; and

(E)    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury.


Plaintiff RUSTY PAYTON, individually, and on behalf of all others similarly situated,


By:   s/Thomas A. Zimmerman, Jr.
        Thomas A. Zimmerman, Jr.  (IL #6231944)
        Adam M. Tamburelli (IL #6292017)
        Frank J. Stretz (IL #6310264)
        ZIMMERMAN LAW OFFICES, P.C.
        77 West Washington Street, Suite 1220
        Chicago, Illinois 60602
        (312) 440-0020 telephone
        (312) 440-4180 facsimile
        www.attorneyzim.com

Counsel for Plaintiff and the Class



**‹ Messages** **(312) 436-2512** **Contact**

Text Message
Today 3:28 PM

Kale Realty named 2013 Top 100 Places to Work by Tribune - We pay 100% on sales - Reply or visit http:// joinkale.com to learn more! Rply 68 to unsubscribe.

Text Message  Send



EXHIBIT A