IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUSTY PAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 8002 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| KALE REALTY, LLC, and ) | |
| VOICESHOT LLC, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Rusty Payton filed this suit individually and on behalf of a putative class against Kale Realty, LLC ("Kale") and Voiceshot LLC ("Voiceshot"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Before the court is Voiceshot's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (dkt. 37). For the following reasons, the motion is denied.

**BACKGROUND[1]**

On November 7, 2013, Payton, an Illinois citizen, filed suit against Kale Realty, LLC ("Kale"), an Illinois limited liability company with its principal place of business in Chicago. (Dkt. 1.) Payton alleged that Kale sent him unsolicited advertisements by text message in violation of the TCPA.

Payton amended his complaint on April 25, 2014 to add Voiceshot as a defendant. (Dkt. 19 ("Am. Compl.") ¶ 1.) The amended complaint alleges that Kale used

---

[1] The following facts are taken from the complaint and exhibits to the parties' pleadings and briefs. In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider matters outside the pleadings, such as affidavits and discovery materials. *See Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Hollinger Int'l* v. *Hollinger, Inc.*, No. 04 C 0698, 2005 WL 589000, at *10 (N.D. Ill. Mar. 11, 2005).

Voiceshot's services to send unsolicited advertisements to prospective customers' cellular phones, including Payton's. (*Id.* ¶¶ 13-14, 16-19, 22.) Voiceshot is a Delaware limited liability company with its principal place of business in Michigan. (Dkt. 37, Ex. 1 at 1.) It provides web-based cloud telecommunications services. (*Id.*) Voiceshot's website allows users to send mass text messages or other communications for a fee. Voiceshot's servers are located in California and Texas. (*Id.*)

Voiceshot answered the amended complaint on June 2, 2014. (Dkt. 29 ("Ans.").) On June 19, 2014, Voiceshot filed a motion to dismiss for lack of personal jurisdiction. (Dkt. 37.) Voiceshot claims that it lacks sufficient contacts with Illinois for the court to assert either general or specific personal jurisdiction over it. (*Id.* at 5.) Payton first responds that Voiceshot waived this defense by failing to include this argument in its answer. (Dkt. 54 at 5.) In the alternative, Payton argues that he has asserted a *prima facie* case of personal jurisdiction over Voiceshot in the amended complaint.

## ANALYSIS

**I.  Waiver**

Rule 12(b) provides that every defense "to a claim for relief in any pleading must be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). A defendant asserting lack of personal jurisdiction must assert this defense in its first responsive pleading or it waives the defense. Fed. R. Civ. P. 12(h)(1); *see also Ins. Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) ("[T]he failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection."). A defendant waives a personal jurisdiction defense when it gives the plaintiff "a reasonable expectation that it will

2

defend the suit on the merits or [ ] cause[s] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chicago, LLC* v. *Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

Voiceshot argues that it preserved its personal jurisdiction defense by denying the amended complaint's jurisdictional allegations in its answer. Its argument is supported by *ISA Chicago Wholesale, Inc.* v. *Swisher Int'l, Inc.*, No. 08 C 3461, 2009 WL 971432, at *2 (N.D. Ill. Apr 7, 2009). In *ISA*, the plaintiff alleged in its complaint that venue[2] was proper because "a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois" and, in its answer, the defendant "denie[d] that venue [wa]s proper in this District." Answer, *ISA Chicago Wholesale, Inc.* v. *Swisher Int'l, Inc.*, No. 08 C 3461 (N.D. Ill. Mar. 25, 2009), ECF No. 34 ¶ 3. Four months later, the defendant moved to dismiss based on improper venue. Although the plaintiff protested that this venue objection was too late, the court found that the defendant had preserved its objection "simply by denying the complaint's factual allegations concerning venue." *ISA*, 2009 WL 971432, at *2. The court also noted that the defendant "did not undertake any action in this court that would have led [the plaintiff] to believe that it consented to venue residing here." *Id.* at *3.

Payton's amended complaint asserts that Voiceshot is a Delaware limited liability company that is "involved in the transmission of wireless spam in Illinois, including Chicago." (Am. Compl. ¶ 5.) In the answer, Voiceshot admits it is a Delaware limited liability company but denies the remainder of the allegations in that paragraph. (Ans.

---

[2] Like a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for improper venue is also governed by Rule 12(h) and the defendant must object to its assertion in an initial Rule 12(b) motion or in the first responsive pleading. *See* Fed. R. Civ. P. 12(h)(1).

¶ 5.) Payton's amended complaint also asserts that venue in this district is proper because Voiceshot and Kale "transact business in this district and are deemed to reside here." (Am. Compl. ¶ 7.) Voiceshot's answer "admits that it is a Web-based telecommunications service" and that its services are available to internet users, including those in Illinois, but it "denies the remainder of the allegations contained in [this paragraph] as the term 'transact business' is not defined with sufficient specificity to allow Defendant to respond." (Ans. ¶ 7.) While this answer does not specifically object to jurisdiction, Voiceshot objected to all facts that would give rise to the court's personal jurisdiction over it. Moreover, by moving to dismiss for lack of personal jurisdiction just 17 days after answering the complaint, Voiceshot did not "creat[e] the impression that [it] had abandoned" its jurisdictional defense and intended to proceed on the merits. *Rice* v. *Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994). Thus, Voiceshot did not waive its ability to assert this defense.[3]

## II. Personal Jurisdiction

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2). The party asserting personal jurisdiction bears the burden of proof. *See Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the motion without a hearing, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id.* (quoting *Hyatt Int'l Corp.* v. *Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

---

[3] Payton's argument that Voiceshot waived this defense through early conduct in this litigation fails. Voiceshot's initial appearances and actions in this suit were no more than participation in "[p]reliminary litigation actions," and such participation "do[es] not waive or forfeit personal-jurisdiction defenses." *Swanson* v. *City of Hammond, Ind.*, 411 F. App'x 913, 915-16 (7th Cir. 2011). Through this limited and early participation, Voiceshot did not create an expectation that it would "defend the suit on the merits," and accordingly did not waive its challenge to personal jurisdiction. *Id.* at 916.

The court will "read the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff. *Cent. States, Se. & Sw. Areas Pension Fund* v. *Phencorp Reins. Co.,* 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor* v. *Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)).

In analyzing personal jurisdiction in the context of the TCPA, courts look to whether jurisdiction is proper under the Illinois long-arm statute. *See, e.g., Paldo Sign & Display Co.* v. *United Vending & Mktg., Inc.*, No. 13 C 1896, 2014 WL 960847, at *2 (N.D. Ill. Mar. 11, 2014); *see also* Fed. R. Civ. P. 4(k)(1)(A). Illinois allows for personal jurisdiction to the extent authorized by the Fourteenth Amendment's due process clause, which merges the federal constitutional and state statutory inquiries. *See N. Grain Mktg., LLC* v. *Greving*, 743 F.3d 487, 491-92 (7th Cir. 2014); *Tamburo* v. *Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *see also* 735 Ill. Comp. Stat. 5/2–209(c). Under the Illinois long-arm statute, personal jurisdiction may be general or specific. *uBid, Inc.* v. *GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Payton's response brief does not argue for general jurisdiction, nor would the court find it appropriate to exercise general jurisdiction over Voiceshot based on the allegations in the complaint. The court thus turns to whether it has specific jurisdiction over Voiceshot.

Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden* v. *Fiore*, -- U.S. ---, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (quoting *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). This type of jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out

of the defendant's forum-related activities." *N. Grain Mktg.*, 743 F.3d at 492 (quoting *Tamburo*, 601 F.3d at 701). "The exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *Id.* (citing *Tamburo*, 601 F.3d at 702).

    **A.    Whether Voiceshot Purposely Availed Itself Of Doing Business In Illinois And Whether Payton's Claims Arise Out Of Such Availment**

In the Internet context, there is no specific jurisdiction where the defendant's contacts with the forum state are "entirely fortuitous." *Advanced Tactical Ordinance Sys., LLC* v. *Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (no specific personal jurisdiction over defendant that maintained email list allowing it to send email to past customers, even though some happened to be in forum state). But where a company "h[olds] itself out as open to do business with every state" and then reaches into the forum state by selling its services to customers there, specific jurisdiction over it is proper. *Ill.* v. *Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (internet seller of cigarettes subject to specific personal jurisdiction in Illinois where Illinois residents purchased cigarettes online and seller then shipped cigarettes to Illinois). Moreover, courts have repeatedly held that sending a message into the forum state in violation of the TCPA is sufficient to confer specific personal jurisdiction over the defendant. *See, e.g., Luna* v. *Shac, LLC*, No. C14-00607, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("When [the defendant] intentionally sent unsolicited text messages advertising [itself] to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the defendant] is reasonably subject to the personal jurisdiction of this Court.") (collecting cases); *Baker* v. *Caribbean Cruise Line, Inc.*, No. CV 13-8246, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (specific

6

jurisdiction over defendant appropriate in suit regarding unsolicited calls defendant made to plaintiff's forum state telephone); *Hudak* v. *Berkley Grp., Inc.*, No. 3:13-CV-00089, 2014 WL 354676, at **2-3 (D. Conn. Jan. 23, 2014) (same); *Heidorn* v. *BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted,* 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) ("This Court agrees that where an out-of-state defendant contacts a plaintiff who resides in California in violation of the TCPA, those contacts may be sufficient to establish the existence of specific jurisdiction.").[4]

Voiceshot made its services available to anyone by way of its website. After Kale, an Illinois corporation, purchased Voiceshot's services, Voiceshot sent text messages into Illinois that allegedly violate the TCPA. By contracting with an Illinois corporation and then performing its business within Illinois, Voiceshot purposely availed itself of the benefits of doing business within this state. In addition, Payton's alleged injury arises directly out of these contacts with Illinois. That Voiceshot's servers were not in Illinois is irrelevant, as Voiceshot reached inside the state to contact Payton (and potentially other Illinois residents) by performing the services purchased by Kale. Payton has thus made a *prima facie* case that Voiceshot has sufficient minimum contacts with Illinois such that exercising specific personal jurisdiction over it is appropriate.

---

[4] The case on which Voiceshot relies, *Freeman* v. *Specialty Retailers*, No. 3:13-cv-1339 (S.D. Cal. Nov. 20, 2013), ECF No. 22, is distinguishable. Although it was also a TCPA case, the California court found it could not exercise specific jurisdiction over the defendant because the text message at issue originated from servers outside of California, was delivered to a cellular phone outside of California, and was part of marketing efforts by companies located outside of California. *Id.* at 4. Thus, the operative question there was whether the court had general jurisdiction over the defendant (it did not). Here, the text message was sent by an Illinois company using Voiceshot's services to an Illinois resident to advertise the Illinois company.

### B. Traditional Notions of Fair Play and Substantial Justice

Finally, the court must consider whether the exercise of personal jurisdiction over Voiceshot would offend traditional notions of fair play and substantial justice. *See N. Grain Mktg.,* 743 F.3d at 492 (quoting *Int'l Shoe Co.* v. *Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The factors considered are "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland* v. *Clifton,* 682 F.3d 665, 677 (7th Cir. 2012) (quoting *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462, 477, 105 S. Ct 2174, 85 L. Ed. 528 (1985)).

While Voiceshot may be burdened by having to defend another action in this state, "out-of-state defendants *always* face such a burden." *Felland,* 682 F.3d at 677 (emphasis in original). Moreover, Illinois—like all states—has an interest in providing a forum for its residents to seek redress for injuries inflicted by out-of-state actors and injuries suffered within the state. From Payton's perspective, this is the most convenient and effective forum to seek relief. Thus exercising personal jurisdiction over Voiceshot does not run afoul of traditional notions of fair play and substantial justice.

**CONCLUSION AND ORDER**

For the foregoing reasons, Voiceshot's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (dkt. 37) is denied. The parties shall report on October 21, 2014 at 11 a.m. for the previously scheduled status hearing.

Date: August 26, 2014  _____
U.S. District Judge Joan H. Lefkow